UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DEBRA FEE,

*Plaintiff,*

**DOCKET NO.: CV-17-5410**

-against-

TOWN OF HEMPSTEAD,
TOWN OF HEMPSTEAD HIGHWAY DEPARTMENT,          **COMPLAINT**
THOMAS TOSCANO (in his official and individual capacities),
ANTONIO FANIZZI (in his official and individual
capacities), and CHRISTOPHER FOLEY
(in his official and individual capacities),

*Defendants.*          ***Jury trial demanded***
-----------------------------------------------------------------X

Plaintiff DEBRA FEE (hereinafter, "Plaintiff," or "FEE"), by and through her attorneys, the

LAW OFFICES OF FREDERICK K. BREWINGTON, as and for Complaint against the Defendants,

states and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is civil action seeking monetary relief (including past and ongoing economic

loss), compensatory, special damages and punitive damages, disbursements, costs and fees for

violations of the Plaintiff's rights, brought pursuant to Title VII of the Civil Rights Act of 1964 (Title

VII), 42 U.S.C. § 2000e *et seq.* (as amended); 42 U.S.C. § 1983 (§ 1983); the Equal Pay Act of 1963

(EPA), 29 U.S.C. § 206(d); Article 15 of the Executive Law of the State of New York § 296 (New

York Human Rights Law); and Nassau County Local Law Title C-2 § 21-9.8(1) (Nassau County

Human Rights Law).

2. Specifically, the Plaintiff alleges that the collective Defendants, directly acted and/or allowed its agent, employee, representative and/or officers to act maliciously and unconstitutionally, enacting discriminatory policies, which caused Plaintiff to suffer the following injuries:

- Violations of her various statutory rights, including those protected by the Equal Pay Act, Title VII of the Civil Rights Act of 1964, Article 15 of the Executive Law of the State of New York (Human Rights Law) §§ 290 and 296, Nassau County Human Rights Law;

- Violations of her constitutional rights under the Fourteenth Amendment to the United States Constitution (Fourteenth Amendment) in violation of 42 U.S.C. § 1983;

- Complete, temporary, or partial loss of reputation;

- Loss of benefits and pay;

- Prolonged alteration of employment and/or temporary/partial alteration of employment opportunities; and

- Diminished capacity, incurring special, monetary, and compensatory damages.

3. The aforementioned acts were done expressly or implicitly with the consent, knowledge, and condonation of both the TOWN OF HEMPSTEAD (hereinafter, "TOWN") and the TOWN OF HEMPSTEAD HIGHWAY DEPARTMENT (hereinafter, "DEPARTMENT"), collectively, DEFENDANTS, to the detriment of Plaintiff FEE, as further described below.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

2

5.      This Court is requested to exercise supplemental jurisdiction with respect to Plaintiff's State law claims pursuant to 28 U.S.C.§ 1367.

6.      Venue herein is proper under 28 U.S.C. § 1391 (b); the cause of action arose in the Eastern District of New York, and all of the Parties are employed and/or are located in Nassau County, New York State.

7.      Despite the fact that Plaintiff has informed the TOWN OF HEMPSTEAD and the TOWN OF HEMPSTEAD HIGHWAY DEPARTMENT of the mistreatment to which she was subjected, the Defendants have exhibited no concern about this mistreatment and have offered no remedy.

8.      On October 19, 2016, Plaintiff filed her original Charge of Discrimination, Charge No. 10184713, with the New York State Division of Human Rights (hereinafter, "NYSDHR"), alleging unlawful discrimination on the basis of Plaintiff's sex/gender. The NYSDHR subsequently cross-filed a charge of discrimination with the United States Equal Employment Opportunity Commission (hereinafter, "EEOC"), under EEOC Charge No. 16GB700455.

9.      On November 23, 2016, Plaintiff filed an Amended Charge of Discrimination against DEFENDANTS with the NYSDHR. On May 2, 2017 the NYSDHR issued a *Determination After Investigation* and determined that "PROBABLE CAUSE exists to believe that Respondent has engaged in or is engaging in the unlawful discriminatory practice complained of."

10.      Plaintiff requested a dismissal for administrative convenience on Charge No. 10184713 from the NYSDHR. On August 24, 2017 Commissioner Helen Diane Foster issued a Notice of Final Order which adopted the Recommended Order of Dismissal for Administrative Convenience which was issued on August 8, 2017.

11.     September 11, 2017, Plaintiff received a Notice of Right to Sue Within Ninety (90) Days, issued by the United States Department of Justice. **(Annexed hereto as Exhibit A.)** Between the date of receipt of the Notice of Right to Sue and the filing date of this complaint, fewer than ninety (90) days have passed.

## PARTIES

12.     Plaintiff FEE was, at all times relevant to this Complaint, an employee of the TOWN OF HEMPSTEAD and the TOWN OF HEMPSTEAD HIGHWAY DEPARTMENT, and is a resident of the Town of Hempstead. Plaintiff FEE is a woman, who was and is qualified to perform the work as a Storeyard Crew Chief.  She is qualified to be a supervisor and has performed work which has been performed by men with less experience and fewer qualifications who were provided higher salaries, grades and titles than Plaintiff.

13.     During all times relevant to this Complaint, the Defendant, TOWN OF HEMPSTEAD was, and continues to be, a municipal corporation of the State of New York organized and operating under, and by virtue of the laws of the State of New York.   Upon information and belief, the TOWN oversees, maintains, manages, supervises, and controls several departments and employees, including but not limited to the TOWN OF HEMPSTEAD HIGHWAY DEPARTMENT.

14.     During all times relevant to this Complaint, the Defendant DEPARTMENT was, and continues to be, a department and/or an agency of TOWN, operating as part of the TOWN. Upon information and belief, the DEPARTMENT oversees, maintains, manages, supervises, and controls several units, bureaus, and employees.

4

15.     During all times relevant to this Complaint, upon information and belief, Defendant THOMAS TOSCANO (hereinafter, "TOSCANO") was the Commissioner of the Department of Highways for the Defendant TOWN.

16.     During all times relevant to this Complaint, upon information and belief, Defendant ANTONIO FANIZZI (hereinafter, "FANIZZI") was a Highway Maintenance Crew Chief, which is a high-ranking employee of Defendant TOWN.

17.     During all times relevant to this complaint, upon information and belief, Defendant CHRISTOPHER FOLEY (hereinafter, "FOLEY") was a Storeyard Crew Chief in the Department of Highways, which is a supervising employee of Defendant TOWN.

## FACTUAL ALLEGATIONS

18.     Plaintiff FEE has been working for Defendants TOWN and DEPARTMENT for nearly eleven (11) years, having been hired by DEFENDANTS on or about August 2, 2006 as a part-time employee and remained so for five (5) years.

19.     Prior to working for DEFENDANTS, Plaintiff FEE was employed for twenty-five (25) years in the Parts and Service Automotive Industry as a shop manager.

20.     Plaintiff FEE was hired as a full-time employee with the TOWN on or about August 3, 2011, and was awarded employment at Grade Nine (9), Laborer I.  Plaintiff is a member of the Civil Service Employees Association (CSEA) and her employment is subject to a collective bargaining agreement

21.     Plaintiff FEE is currently a Grade Nine (9) employee, and throughout her career with Defendants has performed her duties exemplarily, receiving outstanding work performance

5

evaluations each year.

22.     Over the course of the past decade, Plaintiff FEE has performed a wide range of duties, and has consistently performed duties above her pay grade.

23.     For the first five (5) years of employment with the DEFENDANTS, Plaintiff FEE was employed as a seasonal employee.

24.     Upon information and belief, men who were similarly situated as seasonal employees were granted full-time employment as Grade Fourteen (14) employees, or higher, within a much shorter time frame. As an example, a male employee named Ravinder "Rivi" Sharma, who was to perform exactly the same duties as Plaintiff FEE at the Roosevelt Yard, was granted full-time employment as a Grade Fourteen (14) employee after not more than one year with TOWN.

25.     Plaintiff FEE's qualifications were superior to those of Mr. Sharma, as was her work performance, and yet it took her five-times longer to receive full-time employment. To make matters worse, she was hired at Grade Nine (9), while similarly situated men such as Mr. Sharma were hired at a Grade Fourteen (14) level or greater.

26.     Other male employees who received substantial preferential treatment for substantially similar work based on their gender as males include Patrick Bello, Defendant FOLEY, Pat McCaffrey, Ravinder "Rivi" Sharma and Rodger Sweeney.

27.     On or about April 24, 2009, Plaintiff FEE began to manage the storeroom at the Roosevelt Yard. At the time Plaintiff FEE remained a seasonal employee while working very hard and on a full-time schedule. While Plaintiff FEE continued to work in this challenging position as a seasonal employee, several men were placed in the storeroom and yard and hired full-time, while Plaintiff remained a seasonal employee.

6

28.     Defendant TOWN continually failed in its duty to treat Plaintiff in the same or similar fashion as men in the same workplace. These actions are indicative of Plaintiff FEE's experiences working at Defendant DEPARTMENT, where female employees are consistently held to a standard other than the one to which men are held.

29.     Plaintiff FEE was awarded full-time employment in 2011.

30.     It was only after five (5) full years of dutiful employment, and pursuant to a settlement agreement resulting from a 2001 lawsuit brought by the Union, that TOWN awarded Plaintiff FEE full-time employment.

31.     The settlement stipulated that full-time employment be awarded to employees who have worked for at least one thousand six hundred (1600) hours each year for five (5) years.

32.     Six (6) months after being awarded full-time employment, Plaintiff received medical coverage; in 2012, she was transferred to the stockroom in Franklin Square.

33.     Between 2012 and October 18, 2016, Plaintiff FEE, and Plaintiff FEE alone, managed and maintained the Franklin Square facility. All other employees who managed this facility and the other facilities as she did were men and were Grade 14 or higher and were paid higher salaries.

34.     Plaintiff FEE's duties at Franklin Square facility included, but were not limited to, the following:

*       Supervising and overseeing the operation of the stockroom at Franklin Square;

*       Processing all paperwork for ordering parts;

*       Keeping track of and monitoring back orders;

*       Ordering and keeping track of parts needed for all trucks, including foremen's vehicles, sweepers, small equipment, chain saws, lawn mowers, compressors, hot

7

boxes, cement mixers;

\* Overseeing and arranging for the disposal of fluids correctly;

\* Scheduling of needed parts one season ahead, such as plows, brooms, shovels, rakes, hoses, sidewalk salt, jack hammer parts, snow blowers and other parts and equipment;

\* Overseeing the ordering of and maintaining supplies of gas and diesel for yard at all times to never run out. Especially in storms and in preparation for the arrival of storms;

\* Conduct and maintain inventory of all parts;

\* Complete and maintain repair orders and oversee and perform all computer work in the stockroom and mechanic shop;

\* Monitor the need for and order new equipment and vehicles.

\* Order filters for service of machinery and vehicle and stock correct fluids as soon as equipment or vehicles come in;

\* Keep track of all borrowed tools by crew members–listed by month;

\* Inventory of all parts used by yard daily;

\* Keep track of fluids on property–properly store them–and not have more than are allowed to have at any one time to avoid the receipt of fines;

\* Order and keep track of uniforms and boots for yard crews.

35.     The above described duties are far more than what is required or expected of an employee at Plaintiff FEE's Grade level, as evidenced by the profound discrepancy between the level of work and the level of pay. Plaintiff FEE sought to be elevated to a grade and title that befit her

8

actual work, which was Storeyard Crew Chief.

36.     In September 2016, after enduring the injustice of sex/gender discrimination for years, Plaintiff FEE submitted an "Application for Change in Title" to Robert W. Schmidt, Executive Director of the Civil Service Commission. The remedy sought through this request, although limited in that it would provide no redress for past harm endured by Plaintiff FEE, could have at least ameliorated the discriminatory treatment moving forward.

37.     On an earlier occasion, Denise Miller, another female employee of Defendant TOWN, was also forced to file a title change application in order to prompt a grade level change due to the discriminatory treatment of women within the DEPARTMENT, namely women employees working out of title without the compensation to which they are entitled and/or the elevation to the appropriate grade.

38.     Defendant DEPARTMENT has refused to promote Plaintiff FEE, and, throughout her employment, has refused to fairly compensate her according to her ability and the work she has done.

39.     Rather than equalize her position and pay to that of the male employees, the TOWN took the extraordinary step of reassigning Plaintiff FEE to perform work she has never before performed.

40.     After submitting this application, Plaintiff FEE was approached by Defendant TOSCANO, who told her that she may be placed on a road crew because she had raised an issue with regard to title and pay.

41.   It was made clear to Plaintiff FEE that if she wanted to avoid the threatened retaliation, she would have to rescind her reasonable application for a change of title. It was also made clear that

9

she was to accept the discriminatory treatment of unequal pay and lower Title/Grade than male employees performing substantially the same work, if Plaintiff FEE wanted to avoid retaliation.

42.     Subsequently, the Civil Service Commission instructed its agent, Richard Herman, to "field audit" Plaintiff FEE's concerns.  Herman also conducted interviews of Plaintiff FEE and Defendant FOLEY, Plaintiff's supervisor.

43.     Upon information and belief, other women employed by TOWN have been forced to take steps similar to those Plaintiff took, and continues to take, due to the discriminatory treatment to which female employees have been subjected. Thus, TOWN has established a pattern and practice of promoting male employees rather than female employees unless forced to do so by some outside authority.

44.     On October 13, 2016, Plaintiff FEE received a letter containing the results of the aforementioned "field audit."  The Civil Service Commission determined that "a significant portion of the duties you perform are appropriate for your current title of Laborer I.  As a result, a change in title is not required to remedy this situation."  This finding of propriety is preposterous, as evidenced by the great disparity between the Laborer I job specifications and the duties Plaintiff performed daily during her time at the Franklin Square storeroom, as detailed above.

45.     The above mentioned findings of the "field audit" were made arbitrarily.

46.     On October 18, 2016, Defendant FANIZZI visited the storeroom in Franklin Square. He informed Plaintiff FEE that Defendant TOSCANO had dictated that she be placed on a road crew.  The transfer to a "road crew" was a total change from the work and duties that Plaintiff Fee had performed since her employment back in 2006. The work on the "road crew" required Plaintiff Fee to ride in a truck on the roads throughout the Town of Hempstead and engage in hard physical

labor including, but not limited to, sweeping and picking up trash and garbage; shoveling; riding in the cab of a work truck; lifting garbage; breaking up and lifting pavement; lifting bags of concrete; using and operating tools of all sorts; throwing pavement; cutting and picking up tree limbs; loading and unloading trucks; loading and unloading barricades; cutting grass and hedges; removing weeds; cleaning drains; repairing roads and sewer basins; digging, raking, lifting bulky and heavy items; and operating machinery, to name just a few. These were not tasks performed by Plaintiff FEE in the storeroom and were not the duties and tasks she had performed during her prior years of employment with Defendant TOWN. Being reassigned to perform this work caused Plaintiff Fee to suffer physically, emotionally and her health was seriously and negatively impacted.

47. The reassignment to the "road crew" was retaliatory and intended to punish and harm Plaintiff FEE. Defendant FANIZZI told Plaintiff FEE that the reassignment came as a result of the letter dated October 13, 2016 which was in response to the "Application for Change in Title" filed by Plaintiff in September.

48. Plaintiff FEE was informed that the change was taking place because she was working out of title, as Defendant TOSCANO indicated previously; which contradicts Robert Schmidt's letter, that determined that Plaintiff was working within the scope of her title.

49. There would be no need to reassign Plaintiff if the "duties [she] perform[ed] were appropriate for [her] current title of Laborer I," as the field audit suggested. Defendant TOSCANO's actions contradicted Mr. Schmidt's conclusions in his letter of October 13, 2016. Defendants engaged in this reassignment to teach Plaintiff FEE a lesson and to silence her speech and protestations over the abusive and discriminatory treatment she was experiencing.

50. As a result of being provided with conflicting information and contradictory decisions and statement by her supervisors and decision makers, Plaintiff has been, and continues to be, subjected to retaliation and abuse in the workplace because of her sex/gender and steadfast protestation to unfair and discriminatory treatment based on sex and gender by Defendants.

51. The above aforementioned actions and decisions were made with discriminatory and retaliatory intent. In further contradiction of the movement of Plaintiff FEE from her position in the stock room, Brian Wilson, replaced Plaintiff FEE at Franklin Square. Just months prior, Mr. Wilson had worked on a West Hempstead road crew. Instead of placing Mr. Wilson back on the road crew, where he had worked for years, he was put into Plaintiff FEE's position and she was reassigned to a road crew to perform work she had never done before.

52. Brian Wilson is a male and is less qualified than was Plaintiff to perform the work that Plaintiff FEE had performed in the stockroom prior to her reassignment.

53. After nearly eleven (11) years of service, Plaintiff FEE remains a Grade Nine (9) employee.

54. Upon information and belief, every other employee working for DEPARTMENT who has done work substantially similar to that of Plaintiff FEE for a decade is at least a Grade Fourteen (14) employee.

55. On June 21, 2016, Plaintiff FEE filed a grievance with the Civil Service Employees Association, A.F.L.-C.I.O., Local 880 (hereinafter, "Union"), the union that represents Plaintiff FEE.

56. Plaintiff FEE has been discriminated against, in a job traditionally dominated by males, as a consequence of her sex/gender.

12

57.     TOWN maintains and condones patterns, practices and policies that are blatantly discriminatory on the basis of sex/gender. These patterns, practices and policies are contrary to TOWN's written procedures and rules, the Collective Bargaining Agreement, in addition to well-established law.

58.     Plaintiff has reported this discriminatory treatment to TOWN to her superiors and via her requests for changes in her treatment both in writing and verbally.

59.     Plaintiff FEE has experienced ongoing retaliation for her refusal to acquiesce in the face of subjugation.

60.     With over twenty-five (25) years of experience in this field, and ten (10) years of working for Defendant TOWN at the Franklin Square and Roosevelt storerooms, Plaintiff FEE has been consistently ignored when requesting pay increases, promotions, grade changes and recognition commensurate with the work she has done and treated differently than the men performing the same or lesser work who are receiving higher pay.

61.     The above described discrimination and retaliation has been condoned by Defendant TOWN.

62.     Defendant TOWN has made a conscious, calculated effort to punish and silence Plaintiff FEE for demanding equal and fair treatment, equal payment and proper recognition for work rendered and background and qualifications maintained by Plaintiff FEE.

63.     Defendant TOWN has retaliated against Plaintiff FEE in response to opposition to discriminatory and retaliatory treatment, and her reasonable request that they comply with the law.

64.     In addition, these policies and practices of discrimination have contravened DEFENDANTS' putative goals, positions, and mission.

13

65.     Plaintiff FEE's efforts to remedy this situation have been met with refraction, resistance, retaliation and indifference, which are in violation of the applicable laws and undermine Defendant TOWN's own Equal Employment Opportunity Policy.

66.     As a result of these unfair and unlawful practices, involving sex/gender discrimination, unequal pay, unfair promotions and retaliation have caused a significant loss of wages, title, benefits, value of retirement, standard of living, esteem and reputation.

67.     Furthermore, Plaintiff FEE has suffered physical detriment, emotional distress, embarrassment, humiliation, disgrace and other injuries.

## AS AND FOR COUNT I
## TITLE VII, CIVIL RIGHTS ACT of 1964, 42 U.S.C. § 2000e

68.     The Plaintiff repeats, reiterates, and re-alleges each allegation contained in paragraphs 1 through 67 of this Complaint with the same force and effect as though fully set forth herein. Defendant TOWN, through their agents and employees, Defendants TOSCANO, FANIZZI, and FOLEY (collectively, "INDIVIDUAL DEFENDANTS"), discriminated against the Plaintiff in her employment based on Plaintiff's sex/gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended.

69.     As a direct result of aforementioned acts, Plaintiff has been deprived of her rights, deprived of her freedoms, physically and mentally harmed. Plaintiff has been forced to seek redress in the courts rather than capitulating to the previously mentioned abuse, ridicule, and discrimination.

70.     Plaintiff has been subjected to humiliation, ignominy, loss of title/status, removal from her position, and removal from her assignment. As a result, Plaintiff has experienced a

14

diminution in her quality of life.

71. Plaintiff was refused status, title, grade, pay and promotions awarded to other employees who were similarly situated, excepting the fact that they are male. Were Plaintiff a male, rather than a female, she would have received the above mentioned pay and promotions.

72. Plaintiff has incurred incidental fees/damages, loss of pay, loss of benefits, and other damages/ injuries due to TOWN's unlawful discrimination.

73. Further, once Plaintiff protested such unequal and unlawful treatment, Defendant TOWN retaliated against her by creating a hostile work environment and by transferring her to a less desirable position, to wit, within a road crew.

74. As a direct result of said acts, Plaintiff has suffered, and continues to suffer, loss of income, loss of wages, loss of benefits, loss of retirement benefits, loss of status, loss of opportunities, loss of title, distress, humiliation, embarrassment, psychological trauma, and damage to her reputation as alleged in the preceding paragraphs of the within Complaint.

75. That by reason of the foregoing, Plaintiff FEE has been subjected to economic losses and psychological injury, distress, pain, suffering, loss of self-esteem, self-doubt, disgrace, public humiliation, embarrassment, inconvenience, anxiety and frustration, and, thus, has been damaged in excess of three million ($3,000,000.00) dollars, as well as punitive damages, costs and attorney's fees.

## AS AND FOR COUNT II
## EQUAL PAY ACT OF 1963, 29 U.S.C. § 206(d)

76.     The Plaintiff repeats, reiterates, and re-alleges each allegation contained in paragraphs 1 through 75 of this Complaint with the same force and effect as though fully set forth herein.

77.     Defendant TOWN, through their agents and employees, INDIVIDUAL DEFENDANTS, discriminated against the Plaintiff in her employment based on Plaintiff's sex/gender in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d).

78.     Plaintiff FEE was, and continues to be, refused equal pay for equal work; that is, work that requires the same skill, effort, and responsibility.

79.     Upon information and belief, Sharma is a male employee of Defendant TOWN who was paid more than Plaintiff FEE was for the same work, performed under similar circumstances and in the same establishment.

80.     Further, once Plaintiff protested such unequal and unlawful treatment, Defendant TOWN retaliated against her by creating a hostile work environment and by transferring her to a less desirable position, to wit, within a road crew.

81.     As a direct result of said acts, Plaintiff has suffered, and continues to suffer, loss of income, loss of wages, loss of benefits, loss of retirement benefits, loss of status, loss of opportunities, loss of title, distress, humiliation, embarrassment, psychological trauma, and damage to her reputation as alleged in the preceding paragraphs of the within Complaint.

82.     That by reason of the foregoing, Plaintiff FEE has been subjected to economic losses and psychic injury, distress, pain, suffering, loss of self-esteem, self-doubt, disgrace, public humiliation, embarrassment, inconvenience, anxiety and frustration, and, thus, has been damaged

in excess of three million ($3,000,000.00) dollars, as well as punitive damages, costs and attorney's fees.

## AS AND FOR COUNT III
### 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT

83.     The Plaintiff repeats, reiterates, and re-alleges each allegation contained in paragraphs 1 through 82 of this Complaint with the same force and effect as though fully set forth herein.

84.     Defendant TOWN, as well as its agents, Defendants TOSCANO, FANIZZI, and FOLEY, discriminated against the Plaintiff in her employment based on Plaintiff's sex/gender in violation of the Fourteenth Amendment to the United States Constitution.

85.     Defendants TOWN, TOSCANO, FANIZZI, and FOLEY, acting under color of law, proximately caused the deprivation of Plaintiff's federally protected rights, secured by the Fourteenth Amendment, as well as federal legislation, such as Title VII and the Equal Pay Act.

86.     Specifically, Defendants TOWN, TOSCANO, FANIZZI, and FOLEY, deprived Plaintiff FEE of the equal protection of the law, refused to pay her equally for equal work, denied her elevation to Grade Fourteen (14) employment in violation of the Fourteenth Amendment, Title VII, and the Equal Pay Act.

87.     Plaintiff was also reassigned without due process because of her sex/gender, in violation of the Fourteenth Amendment.

88.     As a direct result of said acts, Plaintiff has suffered, and continues to suffer, loss of income, loss of wages, loss of benefits, loss of retirement benefits, loss of status, loss of opportunities, loss of title, distress, humiliation, embarrassment, psychological trauma, and damage

to her reputation as alleged in the preceding paragraphs of the within Complaint.

89.     That by reason of the foregoing, Plaintiff FEE has been subjected to economic losses and psychic injury, distress, pain, suffering, loss of self-esteem, self-doubt, disgrace, public humiliation, embarrassment, inconvenience, anxiety and frustration, and, thus, has been damaged in excess of three million ($3,000,000.00) dollars, as well as punitive damages, costs and attorney's fees.

### AS AND FOR COUNT IV
### 42 U.S.C. § 1983 – MUNICIPAL VIOLATIONS

90.     The Plaintiff repeats, reiterates, and re-alleges each allegation contained in paragraphs 1 through 89 of this Complaint with the same force and effect as though fully set forth herein.

91.     Defendants TOWN and DEPARTMENT, acting under color of law, and through their employees, servants, agents and designees, have engaged in a policy, custom, and/or condoned a longstanding practice, which has deprived Plaintiff and other female employees of rights, privileges and immunities secured by the Fourteenth Amendment, Title VII, and the Equal Pay Act. These actions were, and continue to be, condoned by TOWN policy makers, including but not limited to, Defendant TOWN, Defendant DEPARTMENT, and INDIVIDUAL DEFENDANTS.

92.     Defendants, intentionally and knowingly, as an act of discrimination based on sex/gender, refused to promote female employees, such as the Plaintiff, within the DEPARTMENT because of their sex/gender. Defendants also retaliated against Plaintiff for her protestations to sex- or gender-based discrimination.

18

93.     Defendants TOWN and DEPARTMENT were further aware of the systematic practice of unlawful sex- or gender-based discrimination within the DEPARTMENT, yet failed to address, remedy, or change said systematic practices, which work to the detriment of Plaintiff FEE and other women situated similarly.

94.     Defendants, intentionally and knowingly materially altered the terms and conditions of Plaintiff's employment in retaliation for protesting discriminatory practices within the DEPARTMENT.  Defendants TOWN and DEPARTMENT were further aware of the systematic practices of unlawful sex- or gender-based discrimination within the DEPARTMENT, yet failed to address, remedy, or change said discriminatory practices.

95.     Defendants TOWN and DEPARTMENT failed to adequately train or supervise their upper-level supervisors; specifically, Defendants TOWN and DEPARTMENT failed to adequately train supervisors on discrimination laws, and failed to exercise adequate supervision over supervisors in order to ensure that discrimination laws were respected.

96.     These discriminatory acts committed by Defendants TOWN and DEPARTMENT, and by INDIVIDUAL DEFENDANTS, who were responsible for policy decisions and the enforcement thereof, Plaintiff suffered, and continues to suffer, diminished employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer distress, humiliation, and embarrassment.

97.     Defendants' acts of ongoing sex or gender-based discrimination were intended to subjugate Plaintiff FEE and women like her.  By so acting, Defendants have violated the constitutional rights guaranteed to Plaintiff FEE and similarly situated women by the Fourteenth Amendment.

19

98.     As a direct result of said acts, Plaintiff has suffered, and continues to suffer, loss of income, loss of wages, loss of benefits, loss of retirement benefits, loss of status, loss of opportunities, loss of title, distress, humiliation, embarrassment, psychological trauma, and damage to her reputation as alleged in the preceding paragraphs of the within Complaint.

99.     That by reason of the foregoing, Plaintiff FEE has been subjected to economic losses and psychological injury, distress, pain, suffering, loss of self-esteem, self-doubt, disgrace, public humiliation, embarrassment, inconvenience, anxiety and frustration, and, thus, has been damaged in excess of three million ($3,000,000.00) dollars, as well as punitive damages, costs and attorney's fees.

**AS AND FOR COUNT V**
**ARTICLE 15 OF THE EXECUTIVE LAW OF THE STATE OF NEW YORK § 296**
**(NEW YORK HUMAN RIGHTS LAW)**

100.    The Plaintiff repeats, reiterates, and re-alleges each allegation contained in paragraphs 1 through 99 of this Complaint with the same force and effect as though fully set forth herein.

101.    Defendant TOWN, through their agents and employees, Defendants TOSCANO, FANIZZI, and FOLEY, discriminated against the Plaintiff in her employment based on Plaintiff's sex/gender in violation of New York Human Rights Law § 296.

102.    Specifically, Defendants TOWN and INDIVIDUAL DEFENDANTS violated New York Human Rights Law § 296, subsections 1 and 7, which prohibit discrimination in employment on the basis of sex/gender and retaliation for expressed opposition to sex or gender-based employment discrimination, respectively.

103.    As a direct result of the aforementioned acts, Plaintiff has been deprived of the rights protected by the New York State Human Rights Law.  Specifically, Plaintiff has suffered, *inter alia*, a loss of pay to which she is entitled, a loss of benefits to which she is entitled, humiliation, embarrassment, and public shame.  As a result, Plaintiff has experienced a diminution in her quality of life.

104.    Plaintiff was refused pay and promotions awarded to other employees who were similarly situated, excepting the fact that they are men.  Were Plaintiff a male, rather than a female, she would have received the above mentioned pay and promotions.

105.    Further, once Plaintiff protested such unequal and unlawful treatment, Defendant TOWN retaliated against her by creating a hostile work environment and by transferring her to a less desirable position, to wit, within a road crew.

106.    As a direct result of said acts, Plaintiff has suffered, and continues to suffer, loss of income, loss of wages, loss of benefits, loss of retirement benefits, loss of status, loss of opportunities, loss of title, distress, humiliation, embarrassment, psychological trauma, and damage to her reputation as alleged in the preceding paragraphs of the within Complaint.

107.    That by reason of the foregoing, Plaintiff FEE has been subjected to economic losses and psychological injury, distress, pain, suffering, loss of self-esteem, self-doubt, disgrace, public humiliation, embarrassment, inconvenience, anxiety and frustration, and, thus, has been damaged in excess of three million ($3,000,000.00) dollars as well as punitive damages and costs.

## AS AND FOR COUNT VI
### TITLE C-2 § 21-9.8(1) OF THE NASSAU COUNTY LOCAL LAWS
### (NASSAU COUNTY HUMAN RIGHTS LAW)

108.     The Plaintiff repeats, reiterates, and re-alleges each allegation contained in paragraphs 1 through 107 of this Complaint with the same force and effect as though fully set forth herein.

109.     Defendant TOWN, through their agents and employees, INDIVIDUAL DEFENDANTS, discriminated against the Plaintiff in her employment based on Plaintiff's sex/gender in violation of the Nassau County Human Rights Law § 21-9.8(1).

110.     Specifically, Defendant TOWN violated Title C-2 § 21-9.8(1)(a) and Title C-2 § 21-9.8(1)(e) of the Nassau County Local Laws, which prohibit discrimination in employment on the basis of sex/gender and retaliation for protestation to sex or gender-based employment discrimination, respectively.

111.     As a direct result of the aforementioned acts, Plaintiff has been deprived of the rights protected by the Nassau County Human Rights Law. Specifically, Plaintiff has suffered, *inter alia*, a loss of pay to which she is entitled, a loss of benefits to which she is entitled, humiliation, and ignominy. As a result, Plaintiff has experienced a diminution in her quality of life.

112.     Plaintiff was refused pay and promotions awarded to other employees who were similarly situated, excepting the fact that they are men. Were Plaintiff a male, rather than a female, she would have received the above mentioned pay and promotions.

113.     Further, once Plaintiff protested such unequal and unlawful treatment, DEFENDANTS retaliated against her by creating a hostile work environment and by transferring her to a less desirable position, to wit, within a road crew.

22

114.    As a direct result of said acts, Plaintiff has suffered, and continues to suffer, loss of income, loss of wages, loss of benefits, loss of retirement benefits, loss of status, loss of opportunities, loss of title, distress, humiliation, embarrassment, psychological trauma, and damage to her reputation as alleged in the preceding paragraphs of the within Complaint.

115.    That by reason of the foregoing, Plaintiff FEE has been subjected to economic losses and psychological injury, distress, pain, suffering, loss of self-esteem, self-doubt, disgrace, public humiliation, embarrassment, inconvenience, anxiety and frustration, and, thus, has been damaged in excess of three million ($3,000,000.00) dollars, as well as punitive damages and costs.

## PRAYER FOR RELIEF

Plaintiff requests judgment as follows:

a.  First Cause of Action: in excess of three million ($3,000,000.00) dollars as well as costs and attorney's fees.

b.  Second Cause of Action: in excess of three million ($3,000,000.00) dollars as well as costs and attorney's fees.

c.  Third Cause of Action: in excess of three million ($3,000,000.00) dollars as well as punitive damages, costs, and attorney's fees.

d.  Fourth Cause of Action: in excess of three million ($3,000,000.00) dollars as well as punitive damages, costs, and attorney's fees.

e.  Fifth Cause of Action: in excess of three million ($3,000,000.00) dollars as well as punitive damages and costs.

f.  Sixth Cause of Action: in excess of three million ($3,000,000.00) dollars as well as punitive damages and costs.

g.  Attorney's fees and costs, pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k);

h. A declaratory judgment stating that Defendants wilfully violated Plaintiff's rights secured by federal and state laws as alleged herein;

i. Injunctive relief: an injunction requiring Defendants to correct all present and past violations of federal and state law as alleged herein; to enjoin the Defendants from continuing to act in violation of federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws; and

j. An Order granting such other legal and equitable relief as the court deems just and proper.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Dated: Hempstead, New York
September 15, 2017

LAW OFFICES OF
FREDERICK K. BREWINGTON

By: _____
FREDERICK K. BREWINGTON
*Attorneys for Plaintiff*
556 Peninsula Boulevard
Hempstead, New York 11550
(516) 489-6959

24