UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEBRA FEE,

                        Plaintiffs,                    **ORDER**
            -against-                                  CV 17-5410 (AYS)

TOWN OF HEMPSTEAD,
TOWN OF HEMPSTEAD HIGHWAY DEPARTMENT,
THOMAS TOSCANO (in his official and individual
Capacities), ANTONIO FANIZZI (in his official and
individual capacities), and CHRISTOPER FOLEY
(in his official and individual capacities),

                        Defendants.
---------------------------------------------------------------X
**SHIELDS, Magistrate Judge:**

    This case is set for trial, to commence on July 6, 2026. Presently before the

court are the parties' motions in limine, as well as objections set forth in their joint

pretrial order (the "JPTO"). Defendants have made specific objections, by way of a

motion in limine filed on June 5, 2026, to Plaintiff's use at trial of certain witnesses

and particular documents identified in the JPTO. (Docket Entry ("DE") [101].)

Plaintiff has not responded to that motion, nor requested a specific time in which to

do so. Plaintiff has set forth further objections in the JPTO and has interposed a

more limited letter motion in limine. (DE [104].) Defendants have not responded to

that motion. Upon review of the parties' motions and the JPTO. the Court grants in

part and denies in part the motions and objections and will allow for limited

additional briefing only as set forth herein.

1

I.    Defendants' Motion

   A.    Witnesses

      1.    Joseph Tiso:

      Joseph Tiso has not been previously disclosed as a witness. He may not testify at trial.

      2.    Denise Miller:

      In view of the allegation that witness Denise Miller has information only concerning events of more than twenty years prior to this action, she may not testify at trial. Any such testimony is too remote to be probative of any claims to be tried.

      3.    Joe Parore and Rodger Sweeney:

      Neither Joe Parore nor Rodger Sweeney may testify at trial. The Town has no record of either of these witnesses ever having been employed by the Town. To the extent that Plaintiff seeks to use these witnesses for any other purpose, Plaintiff may ask the Court to revisit this decision by way of a submission explaining the use of these witnesses on or before June 17, 2026.

      4.    Patrick McCafrey, Ravinder Sherman and Patrick Bello

      Witnesses McCaffrey, Sharma, and Bello may testify only as to their personal knowledge of events, and not as to any workplace rumors or general observations. To the extent that the testimony of any of these witnesses is offered

as comparator evidence in support of certain of Plaintiff's claims, Plaintiff must provide additional information to allow the Court to make an informed pretrial determination as to whether they are proper comparators. Thus, by June 17, 2026, Plaintiff must submit proffered evidence showing that any or all of these witnesses were similarly situated to Plaintiff in all material employment aspects including, for example: their titles, duties, qualifications, civil service status, seniority, supervisors, and any other employment circumstances. Defendant may respond to this proffer within one week of Plaintiff's proffer.

     5.     <u>Ramona Martin</u>

Plaintiff must respond, by June 17, 2026, with a proffer as to Martin's expected testimony. To the extent that Plaintiff seeks to introduce the testimony of Martin (as stated by Defendants) to "prove an alleged incident that happened between Plaintiff and Defendant McClenic," Plaintiff must respond with information allowing the Court to determine whether such testimony is relevant and otherwise admissible. Defendant may respond to this proffer within one week of Plaintiff's proffer.

     B.     <u>Deposition Testimony of Thomas Toscano and Robert Schmidt</u>

The Court will allow Defendants to use the deposition testimony of witnesses Toscano and Schmidt, provided that Defendants produce to the Court, by June 17, 2026, documents showing their unavailability within the means of the

Federal Rules of Civil Procedure. In view of the fact that such submission may contain confidential medical information, any such submission may be submitted, in the first instance to the Court's email address, with a copy provided to Plaintiff.

    C.    <u>Exhibits</u>

Defendants have made numerous and particularized objections to the admission of exhibits at trial. Upon review of Defendants' motion, the Court makes the following rulings. The Court agrees with Defendants, and excludes from use at trial, all documents referred to in Subsections I-IV, VII, IX- XIII and XV, for the reasons set forth in Defendants' Memorandum of Law. As to the exhibits set forth in Subsections V, VI, VIII and XIV, the Court will allow further briefing by Plaintiff to clarify the intended use of such documents and to establish their admissibility. Plaintiff shall therefore respond to Defendants' motion in limine <u>as to these documents</u> by way of a memorandum of law to be submitted <u>on or before June 17, 2026</u>. This response shall refer to each document within each section referred to above separately, and set forth the particular reason why each such document is sought to be used and why it is admissible. Defendants may respond to Plaintiff's memorandum of law within one week of Plaintiff's submission. Plaintiff's failure to respond with the particularity as required herein shall preclude the use of each such document.

D.      The Arbitration Opinion and Award

The Court will allow admission of the Arbitration Opinion and Award, not as binding on the jury, but only for the limited purposes set forth in Defendants' Memorandum of Law and consistent with the law in this circuit. See Bidot v. County of Suffolk, No. 19-CV-3925, 2025 WL 1135049, at *10-11 (E.D.N.Y. Mar. 7, 2025); Davi v. Guinn, No. 16-cv-5060, 2024 WL 2746940, at *6 (E.D.N.Y. May 29, 2024). The parties may submit appropriate requests to charge as to this document.

E.      Instruction as to Jerome Ferguson

The Court will instruct the jury regarding Jerome Ferguson as requested by Defendants.

II.    Plaintiff's Motion and JPTO Objections

As to Plaintiff's motion in limine (DE [104]), that motion is granted as unopposed. To the extent that Defendants seek to use the type of evidence referred to in Plaintiff's motion, they must make a proffer of such evidence by way of a Memorandum of Law to be submitted by June 17, 2026. Any document sought to be introduced shall be provided to Plaintiff and an argument as to its admissibility shall be separately made as to each such document. Plaintiff may respond to any such submission within one week of Defendants' submission.

Plaintiff has also objected to the introduction of certain exhibits. Those objections are not set forth in any motion in limine but are preserved as set forth in the JPTO. Upon review of those objections, the Court agrees that the documents objected to (Documents Q, R, EE, EEE, FFF, N and III) are either inadmissible hearsay or are too remote in time to be relevant and admitted at trial. To the extent that any such document is sought to be used only for purposes of impeachment, the Court reserves decision until trial.

**SO ORDERED.**

Dated: Central Islip, New York
        June 11, 2026

                                        /s/ Anne Y. Shields
                                        Anne Y. Shields
                                        United States Magistrate Judge