UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DEBRA FEE,

                     Plaintiffs,                  **ORDER**
          -against-                     CV 17-5410 (AYS)

TOWN OF HEMPSTEAD,
TOWN OF HEMPSTEAD HIGHWAY DEPARTMENT,
THOMAS TOSCANO (in his official and individual
Capacities), ANTONIO FANIZZI (in his official and
individual capacities), and CHRISTOPER FOLEY
(in his official and individual capacities),


                     Defendants.
-------------------------------------------------------------X
**SHIELDS, Magistrate Judge:**

This case is set for trial, to commence on July 6, 2026. In an Order dated June 11, 2026, this Court granted in part and denied in part certain motions in limine. The Court reserved decision as to certain issues pending further briefing. Upon review of that briefing, the Court enters the following order with respect to trial.

I.     Witnesses

Witnesses Bello, Sharma and Martin may all testify at trial. Defendant has sought to exclude the testimony of these witnesses largely based upon the argument that they are not proper comparators, or that their testimony is overly prejudicial. Issues regarding "substantial similarity" and the other issues upon which Defendants rely may be properly raised by way of cross-examination at trial. The Court will not, however, exclude their testimony.

1

As to the order of witness testimony, Plaintiff may call any witness during her case in chief. Defendants may either cross-examine those witnesses or may choose to re-call witnesses as part of their cases in chief.

II.     Exhibits

Plaintiff's several exhibits relating to her administrative claim may all be used at trial, subject to any particularized objections that may be raised. The jury will be instructed as to the non-binding nature of these documents with respect to the ultimate issue of discrimination. Exhibits 17, 18 and 19 may be used at trial. The employee roster cards with respect to individuals who are alive may be used at trial. In view of the fact that McCaffrey is deceased, his personnel records may <u>not</u> be used at trial in any way. Plaintiff may not use the chart entitled "analysis of first promotions" at trial. This chart was prepared by Defendants as part of settlement discussions and may not, therefore, be used at trial.

III.    <u>Audio/Text Messages and Exhibits Regarding Plaintiff's Driving</u>

The Court reserves decision as to the admissibility of the audio and text messages referred to in the parties' briefings. The Court also reserves decision as to the admissibility of Defendants' proffered records regarding the Plaintiff's inability to drive Town vehicles. To the extent that this issue is relevant, it is likely that such documents will be admitted at trial.

2

**SO ORDERED.**

Dated: Central Islip, New York
 June 29, 2026

/s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge